Our last case this morning is Cooke v. Department of Defense. Mr. McMahon, you may proceed. One of your honors, I don't think I've ever had the privilege of hearing this court before. Welcome. Thank you. We represent, or I represent the petitioner, Teika Cooke. She was a police officer at the Pentagon for a number of years, had an unblemished record, but subsequently was indicted for alleged insurance fraud. We handled the criminal matters. Doesn't this really come down, though, to the fact that Officer Cooke herself asked to dismiss this proceeding because it's still pending at the time that she now wishes to go back and encompass? Yes, Your Honor, I had a dialogue with the Administrative Law Judge Turpin, I think it was, and basically we concluded that it would be a waste of judicial resources and also to have her testify in a deposition about potential criminal matters would we show up and just invoke the Fifth Amendment, and it would be a waste of everybody's time. That's why I concluded that it's in the best interest of everybody to basically stay the proceedings until such time that the criminal matter gets resolved, which it did, of course. Does that answer your question, Your Honor? Well, yes, you agree that this happened, but doesn't that give full reason for what happened and that it's a little hard for you to go back now and say, well, this ought to be backdated at a point where you yourself asked for it to be dismissed? Well, while the indictment was going forward, the criminal proceeding was going forward, again, it would have been a waste of time for her to show up and participate in all these hearings. I don't think there was a waiver, Your Honor, if that's where you're going with that. I don't know whether the government is arguing a waiver as such, but I know they have referenced the fact that we saw it. But the first one looked at it this way, that you all characterized what was happening between the federal court dismissal and the final decision not to proceed as a period in which the criminal matter was still pending. You expressly characterized it that way. And the board said, that seems right to us, so why is that unreasonable? Particularly because you characterized it that way until you got the word that the prosecution was not going to proceed in either of the forms. Well, again, at the time, Your Honor, the matter was, quote, pending. Criminal proceedings were moving forward. There was discovery. The FBI was continuing its criminal investigation. I don't know what else you would call it. So you're saying there's substantial evidence to support what the board did. No, Your Honor. That's all we have to find is if there is evidence to support what the board did, and you are giving it to us. Well, Your Honor, that's up to a certain point. Now, what happened during the course of the criminal investigation? Well, where is the board's error now? Well, the board should not have affirmed in the sense that the lady should have received back pay to be reinstated after the indictment got dismissed. Let me back you up for a moment. Sure. The notice of suspension says, This indefinite suspension will continue pending the outcome of the criminal proceedings against you and or any administrative actions. Our job is to determine what, and the board's job, is to determine what was meant by pending the outcome of the criminal proceedings, correct? The criminal proceedings. At the time, there was an indictment. That's our job, is to figure out whether the board made an error in construing that as including both the original indictment and the subsequent criminal proceedings in Superior Court, right? There were no subsequent criminal proceedings. You're not answering my question. Our job, what we're supposed to figure out, is what was meant by the language in the suspension, right? Correct? Yes, Your Honor. Okay, so why was the board wrong in interpreting pending the outcome of the criminal proceedings to include the Superior Court proceedings? It never said to include Superior Court proceedings, Your Honor. It just said the criminal proceedings. At that time, the only criminal proceeding was the federal indictment and the federal criminal case. It was moving forward. There was no, and there never has been, any Superior Court. The proceeding is the indictment and the criminal proceeding now ongoing. And it continued, of course, until the indictment was dismissed. And I think it's important you should know we handle this case. There are 302s, which maybe you honors know what they are, but they're written summaries of FBI testimony. It became clear, Judge, that it wasn't our lady that did these alterations and things. It was the AFLAC agents. And, in fact, they testified that no police officer ever altered any documents. So it became quite clear the government had to dismiss the indictment because there was no evidence to support the charge that she did the alterations, which was the linchpin for the indictment. The problem I have is the government wants to now characterize the suspension directing to Your Honor as sort of a general suspension that covers everything. But you just spoke the very language which we rely upon, the criminal proceeding. So when they suspended her and the triggering event was the indictment, the criminal proceeding, that's all she wrote. And once that action is terminated, case law would suggest, maybe I'm wrong on that, but it would suggest that if the event or the trigger is an indictment and that indictment is dismissed, that's all she wrote. Because, you see, there's always the possibility down the road of a criminal investigation.  It was not a down the road situation of reinstituting a criminal proceeding. It was a continuing criminal proceeding. The federal proceeding. But there never was a superior court proceeding. That's my point. But there was a continuing criminal investigation after the indictment was dismissed. How do you know that, Your Honor? From the record. I don't see that there was any continuing criminal. The only thing that the AUSA did was to say that it might consider indicting her in superior court. They never did it. That does not subsume that there's an ongoing criminal investigation. The criminal proceedings is plural, right? I think it was the criminal proceeding. I think it's an S and it's as long as there are potential proceedings and investigations, as you suggest, something was pending. The pending matter, again, was the criminal case. There was nothing else pending. That's why, obviously, he's got the word, the. So once that's over, case law will dictate, as we put on page 12, it was Dalton, Lund, and another case, Jarvis, that even if there's a prospect of somebody being reindicted later on, you can't just leave the employee in a suspension limbo mode. You have to bring her back and start her paychecks again. And then if there's an ongoing criminal investigation, fine. And if it leads to another indictment at that time, the government has the opportunity to basically say we're going to reindict her. And at that time, if the government reindicts her, the agency can then say, you know, you've been reindicted. That gives us a reasonable ground to suspend you. Well, let's save the rest of your time and hear what the government says. Sure. Thank you, Mr. McManus. You can give all the remainder of your time that you wish. Thank you. Ms. Stern. May it please the court. As the court recognizes, Ms. Cook herself moved to dismiss her board appeal two months after the district court indictment was dismissed on the government's motion because she recognized that criminal proceedings were still pending. I'm sorry. The declaration says criminal matter is still pending. Did she use the word proceedings? I don't know that this is a difference. Did her attorney? Yeah. Appendix 4243. It says the matter. Yes. On page 42. I think we're both looking at the same thing. Yes. I think so. Let's see. Does that, I mean. Well, she uses, actually she uses a couple of different forms. In paragraph 8 on that page, she refers to the criminal matter. In paragraph 9, also the criminal matter, but then in paragraph 10, she states, we inform the board that there's still a potential criminal case. So, there's a couple of different terms that are used. If I remember right, the three, there were three uses in the indefinite suspension. The indefinite suspension itself used two different. Yes. Twice proceedings and once matter. Yes. And I think once charges, it may be in the proposed notice of suspension, which might account perhaps for my error, which I do want to apologize to the court for leaving out the word thus before the criminal proceedings. I kept referring to the outcome of criminal proceedings. I think maybe the fact that there were so many different versions may have caused that inadvertent error. But I do apologize for leaving out that word. What she's saying basically, if you read this notice of suspension, indefinite suspension, it refers to the criminal proceedings, that the only description of a criminal proceeding in the document is of the indictment. So, that must have meant the indictment. No? That's how she reads it now. It's clear she did not read it that way when she was before the board. And I think her statement, the opening statement today is very telling. The reason why Ms. Cook didn't want to proceed with her board appeal while the criminal proceedings were pending was because it would have been a waste of time for her to come before the agency in any administrative inquiry and take the fifth to protect herself in any criminal proceedings. That's the exact purpose that indefinite suspensions are used by the agencies for the protection of the employee and for the public so that administrative agency inquiries don't interfere with criminal inquiries and the employee is not forced to come before the agency and answer questions at the time when criminal proceedings are still hanging over her head. If the indefinite suspension had ended, how would she have been prejudiced? She wouldn't have had a proceeding to go and claim the fifth, would she? Yes, because what would have happened if the agency had ended the indefinite suspension on February 3rd when the district court dismissed the indictment, the agency would have immediately opened their own agency investigation into the underlying allegations which were still out there. And they would have called her in for an interview and asked her to answer questions. She, however, knowing that the U.S. Attorney's Office was still intending to prosecute her, in fact, in early April, according to that same affidavit by her attorney, the U.S. Attorney's Office had called her in to talk about a plea bargain. And when the U.S. Attorney finally said, oops, wrong person, did the agency then launch its own investigation? Yes, it did. And decide whether... It did, Your Honor, and actually there was a proposed termination and I think she discussed that in her brief which ended up being resolved. But that's exactly the way these things work. The agency holds off while the criminal proceedings are out there sort of hanging over the employee's head and doesn't initiate their own administrative investigation so that they won't interfere with the criminal proceedings and interrupt the U.S. Attorney's case. But also so that the employee won't be put in that untenable position of having to either take the Fifth Amendment in the administrative proceeding or compromise their position in the criminal proceeding. And the agency just doesn't defer to the closed prosecution decision of the U.S. Attorney because standards may be different. Because the standard approved is different, exactly, Your Honor. And so Ms. Cook obviously recognized that. That's why she didn't want to be put in that position. That's why she moved to dismiss her appeal a second time two months after the indictment in district court had been dismissed and waited until after the final decision had been made by the U.S. Attorney not to prosecute. Then she came back, filed her appeal before the board, and went forward with it explaining why she had waited until then to go forward with it. I'm a little confused in the light of the discussion you just had with Judge Toronto about the language in the decision suspending her case. This indefinite suspension will continue pending the outcome of the criminal proceedings against you and or any administrative action. If she was always facing an administrative action once the criminal proceedings were over with, then the indefinite suspension wouldn't terminate with the end of the criminal proceedings but with the end of the administrative action. Wait, wait, wait. I'm sorry, Your Honor. But you don't seem to be relying on that. No, we're not, Your Honor. In this case, in fact, the agency did end the indefinite suspension after the U.S. Attorney's Office made that final decision not to prosecute. They did end the indefinite suspension and return her to work. They did initiate an administrative action against her. But why aren't you relying on that language? I'm just curious. You're not relying on it. Not because the agency ended the indefinite suspension. Even before the administrative actions were over? Yes. But she was not, at that point, in the position of having to answer to both an administrative action and criminal proceedings. So she didn't have that worry that anything she said in the administrative action would be then used against her in the criminal proceedings. And that's exactly why the agency was able to end the indefinite suspension at that point. Up until that time, there were criminal proceedings against her. She faced that, being put in that position, for which the indefinite position is intended to prevent. Are there no other questions, Your Honor? Government. Thank you, Mr. Stern. Mr. McMahon. Yes, Your Honor. I'll be brief. I didn't really hear any new arguments that I had to address. I think the law is pretty clear on whatever the event is or the action that precipitates the suspension. If that is terminated, then you reinstate the employee. And in this case, even though there was a criminal investigation possibly out there, it certainly never happened. But although those criminal investigations have a lot of experience in that area, Your Honor, it's always a remote possibility that someday something else will happen. But that doesn't mean you can't bring the employee back, because your safety valve is, if this lady gets re-indicted for criminal conduct, they'll suspend her then. So you're not depriving the agency of any remedy here. Also, if you affirm this board's decision, I think you're giving almost unfettered discretion to an agency to sort of keep people in legal limbo, and I don't think that's fair. Now, if the indictment hadn't been dismissed, I agree. But again, if that's the action that triggers the suspension, I read the case law to say then you reinstate the lady, you pay her then. What we're seeking in terms of relief is an award of back pay, obviously. Thank you for reading the briefs. Obviously, you're up on top of things, and I appreciate it. Have a good day. Thank you, Mr. McMahon.